### 6151. NORDEN & COMPANY *v.* COLLIER.

Where a special demurrer to the plaintiff's petition, on the ground that the petition failed to set forth copies of the contracts sued on, was sustained by an order which provided for dismissal of the petition unless the plaintiff should supply the omission within a stated time, the order was substantially complied with by a proposed amendment, offered within that time, which set forth copies of contracts, which it alleged to be copies of the contracts referred to in the petition, although the petition gave the date of the contracts as July 12, 1912, and the proposed amendment showed the date to be July 15, 1912. The court erred in sustaining the objections to the proffered amendment and in dismissing the suit.

                    DECIDED MAY 11, 1917.

Complaint; from Pike superior court—Judge Searcy—October 6, 1916.

*G. D. Dominick, Albert E. Mayer,* for plaintiffs.

*Persons & Persons,* for defendant.

BROYLES, P. J. The suit was based upon certain contracts alleged to have been made for the defendant's account with members of the New York Cotton Exchange. The substance of these contracts was set forth in paragraphs 3 and 4 of the petition, but no copies were attached as exhibits. The defendant filed a general and a special demurrer to the petition. The general demurrer was overruled, as were also all of the grounds of the special demurrer, except the ground that copies of the above-mentioned contracts should be set forth. The court passed the following order: "Upon

hearing the within demurrer, it is ordered by the court that the general demurrer is overruled, and the special demurrer requiring the plaintiff to attach copies of the written contracts made for the defendant is sustained and the petition ordered dismissed, unless supplied by amendment to be made on or before the first Monday in March, 1914." On February 28, 1914, the plaintiffs tendered an amendment, which was allowed, subject to demurrer. On the trial of the case, in October, 1916, the defendant filed objections to this amendment, alleging that the plaintiffs had not complied with the court's order requiring them to attach copies of the contracts made for the defendant, but that the amendment set up other contracts than those sued upon in the original petition, and asked that the suit be dismissed. The trial judge sustained this motion and dismissed the petition.

It is our opinion that, under the facts of the case, this amendment was a substantial compliance with the court's order. The amendment did not set up other contracts than those sued upon in the original petition because of the fact that the original petition, in paragraph 4, gave the date of the contracts as July 12, 1912, and the amendment showed the date to be July 15, 1912, since the amendment distinctly alleged that the contracts were those referred to in paragraph 4 of the plaintiffs' petition. The plaintiffs' mistake in setting forth dates can be cured by amendment, either by striking from his petition the incorrect dates, or by inserting in the amendment the correct dates. *Quillian* v. *Johnson,* 122 *Ga.* 49, 55 (49 S. E. 801). Where the original petition shows a contract to have been executed upon a certain date, and the amendment sets forth that the same contract was executed on a different date, the amendment controls, and it is not essential that the incorrect date should be stricken from the original petition, though it is better practice to do so. The other slight discrepancies, as to the contracts, between the original petition and the amendment offered, and between the amendment and the exhibits attached thereto, were not material, and, under all the facts of the case, the amendment did not set up other contracts than those sued upon in the original petition. In our judgment the court erred in sustaining the objections to this amendment and in dismissing the petition.

The court did not err in rejecting the second amendment to the

petition, it being tendered long subsequent to the time in which amendment was permissible under the order of the court.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*